# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: X.D.

No. 17-0376 (Randolph County 16-JA-089)

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother Y.D., by counsel David C. Fuellhart III, appeals the Circuit Court of Randolph County's March 16, 2017, order terminating her parental rights to X.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), G. Phillip Davis, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred by terminating her postadjudicatory improvement period, denying her request for a postdispositional improvement period, and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that the child's biological father is a registered sex offender who had his rights to two other children involuntarily terminated. The DHHR attempted to provide petitioner with services designed to assist her in protecting the child. According to the petition, petitioner acknowledged the father's history of child sexual abuse but stated that she did not believe that he committed any such crimes. The petition also alleged that petitioner stated that she would not end her relationship with the father even if it meant that the child might be removed. The petition further alleged that petitioner knowingly exposed the child to harm by continuing her relationship with the father. Also in September of 2016, petitioner waived her right to a preliminary hearing. The child was removed from petitioner's home but she was granted supervised visitation with the child.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In October of 2016, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations contained in the petition, specifically that she exposed the child to a threat of harm by continuing her relationship with the father. The circuit court also granted petitioner a postadjudicatory improvement period. The circuit court ordered that petitioner submit to random drug screening, parenting education classes, and to have no contact with the father.

In November of 2016, the circuit court held a status hearing to review petitioner's improvement period. The DHHR expressed concerns regarding petitioner's lack of participation in visits with the child and services and her continued contact with the father. The DHHR did not object to the continuation of petitioner's improvement period and the circuit court continued the same. In January of 2017, the circuit court held a second status hearing on petitioner's improvement period. At the hearing, two service providers and a DHHR caseworker testified that petitioner (1) did not substantially comply with visitation and parenting services; (2) did not complete all of the court-ordered parenting education classes; and (3) was in contact with the father on multiple occasions. Based on the evidence presented, the circuit court found that petitioner did not comply with the terms of her improvement period, terminated her improvement period, and scheduled the case for disposition.

In March of 2017, the circuit court held a dispositional hearing wherein petitioner moved the circuit court for a postdispositional improvement period. However, petitioner refused to testify on her own behalf. The circuit court found that, based on the evidence previously presented and petitioner's silence, she does not "appreciate the danger [the father] represents to her child [nor does] she intend[] [to] stay away from him for the protection to her child." The circuit court also found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Ultimately, the circuit court terminated petitioner's parental rights by order dated March 16, 2017. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her postadjudicatory improvement period. Petitioner contends that she substantially complied with the terms of her improvement period and the continuation of her improvement period was in the child's best interests. We disagree. With regard to the termination of improvement periods, West Virginia Code § 49-4-610 provides that a circuit court has discretion to grant, extend, or terminate an improvement period. Further, West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion . . . to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

In this case, contrary to her claims on appeal, petitioner clearly failed to make the necessary progress in her improvement period. As previously stated, petitioner did not complete all of her court-ordered parenting education classes and remained in frequent contact with the father, a registered sex offender despite the circuit court's no contact order. According to the record, there was no evidence that petitioner appreciated the danger that the father represented to the child or that she intended to end her relationship with a registered sex offender for the protection of the child. As such, we find no error in the circuit court's decision to terminate petitioner's improvement period based on unsatisfactory progress.

Petitioner also argues that the circuit court erred in denying her request for a postdispositional improvement period. In support of her argument, petitioner again contends that she substantially complied with the terms of her postadjudicatory improvement period. Upon our review, we find that petitioner failed to satisfy the applicable burden to obtain an improvement period. We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Furthermore, we have oft noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, it is clear from the record that petitioner failed to demonstrate her ability to fully participate in an improvement period. The circuit court was presented with evidence that petitioner failed to comply with the terms of her postadjudicatory improvement period and continued her relationship with the father, despite admitting that she exposed the child to a threat of harm by continuing her relationship with him.

> Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said

abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.,* 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.,* 215 W.Va. at 217, 599 S.E.2d at 640). It is clear that petitioner failed to demonstrate that, since her initial improvement period, she has experienced a substantial change in circumstances or, due to that change in circumstances, that she is likely to fully participate in a postdispositional improvement period. As such, the circuit court did not err in denying petitioner's motion. Accordingly, we find no error below.

Finally, petitioner argues that the circuit court erred in terminating her parental rights to the child because there were alternate dispositions available and that were more appropriate. We disagree. West Virginia Code § 49-4-604(b)(6) directs circuit courts to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that conditions of abuse or neglect can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

In this case, petitioner failed to comply with the terms of her improvement period. She failed to complete parent education classes and continued to maintain a relationship with the father. Given petitioner's lack of improvement during these proceedings, we find no error in the circuit court's termination order. The circuit court properly found that petitioner was not reasonably likely to substantially correct the conditions of abuse and neglect in the near future, and it is clear from the record that the child's welfare necessitated the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 16, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4